UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SWISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00099-JPH-MJD |
| | ) | |
| DICK BROWN Warden, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Denying Motion to Amend Complaint and
Granting Motion for Summary Judgment**

Christopher Swisher was held in disciplinary segregation at Wabash Valley Correctional Facility from February 8, 2019, until September 25, 2019. He brings this civil rights suit under 42 U.S.C. § 1983 alleging that defendant, Richard Brown, violated his Fourteenth Amendment due process rights by not permitting him to challenge the placement and violated his Eighth Amendment rights due to the conditions of his confinement.

Mr. Brown seeks summary judgment. Because no evidence would allow a reasonable jury to find that Mr. Brown personally caused any constitutional deprivation, the motion must be **granted**.

### I.     Motion to Amend

The Court first addresses Mr. Swisher's belated attempt to amend his complaint. On October 15, 2020—ten days after Mr. Brown filed his motion for summary judgment— Mr. Swisher moved to amend his complaint to add claims against two new defendants, Kevin Gilmore and D. Ammerman. Dkt. 58.

"Federal Rule of Civil Procedure 15 provides that, as a general rule, a court 'should freely give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807

1

(7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). Under the pretrial schedule, Mr. Swisher's deadline to file an amended complaint was December 30, 2019. Dkt. 36 at 3. When, as here, a plaintiff moves to amend his complaint after the deadline set by the Court, the Court applies the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). "District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Heng v. Heavner, Beyers & Mihlar, LLC,* 849 F.3d 348, 354 (7th Cir. 2017) (internal quotation omitted).

"In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Mr. Swisher was aware of the proposed defendants' involvement as early as June 2019, when, in response to Mr. Swisher's motion for immediate relief, the defendants filed a declaration by Mr. Gilmore and a classification report signed by D. Ammerman. *Compare* dkt. 19-1 (Declaration of Kevin Gilmore) and dkt. 19-2 (Classification Report) *with* 58-1 at 6–8 (Declaration and Classification Report as exhibits in support of amended complaint). Mr. Swisher does not explain why he waited nearly ten months after the deadline to file a motion to amend his complaint beyond a vague statement that he has had more time to conduct legal research since his transfer to Miami Correctional Facility. Thus, the Court finds that Mr. Swisher has not acted diligently. *See Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (affirming the denial of leave to amend four months after the deadline).

Further, allowing an amendment would cause undue prejudice to the defendant, who has been defending himself in this case for over two years. *See Johnson v. Cypress Hill*, 641 F.3d

2

867, 873 (7th Cir. 2011) ("[Plaintiff's] request to change his claims on the eve of summary judgment is exactly the sort of switcheroo we have counseled against."). Permitting Mr. Swisher to add additional defendants now would unnecessarily protract these proceedings.

Accordingly, Mr. Swisher's motion to file an amended complaint, dkt. [58], is **denied**.

## II. Motion for Summary Judgment

The Court proceeds to the motion for summary judgment. Mr. Brown seeks summary judgment on both Mr. Swisher's Eighth Amendment and Fourteenth Amendment claims.

### A. Summary Judgment Standard

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016). "A genuine dispute as to any material fact

exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

### B. Facts

Mr. Brown was the warden of the Wabash Valley Correctional Facility ("WVCF") from February 2011 through March 2020. Dkt. 54-1 at ¶ 2.

Before beginning his sentence in the Indiana Department of Correction, Mr. Swisher was incarcerated in the Delaware County Jail, where he had been sanctioned to disciplinary segregation through September 25, 2019, on account of amassing a 74-page conduct history. Dkt. 54-2 at 1–2.

Mr. Swisher arrived at WVCF on February 8, 2019. Dkt. 54-1 at ¶ 4. Upon his arrival, he was placed into disciplinary restrictive status housing ("disciplinary segregation") due to the facility honoring the prior disciplinary restrictive housing time imposed at the Delaware County jail. *Id.* Mr. Brown was not involved in Mr. Swisher's initial classification at WVCF. *Id.*

On February 12, 2019, Mr. Swisher appealed the decision to place him in disciplinary segregation. Dkt. 54-2 at 3–4. On February 22, 2019, deputy warden Kevin Gilmore denied the

4

classification appeal. *Id*. at 4. Mr. Brown was not involved in the classification appeal. Dkt. 54-1 at ¶ 5.

Mr. Swisher alleges that his time in disciplinary segregation subjected him to cruel and unusual punishment due to his placement in a single-man cell. Dkt. 1-1 at 4. But Warden Brown was never aware of Mr. Swisher's complaints about the conditions in his single-man cell. Dkt. 54-1 at ¶ 7.

Mr. Swisher brought this suit against Mr. Brown due to his supervisory role at WVCF, stating that, as the head warden, "he is fully responsible for the actions of those . . . employed under his care." Dkt. 54-3 at 9–10. Mr. Swisher also disputes that Mr. Brown had no personal involvement in his continued placement in segregation and includes two exhibits in support. The first is a disciplinary hearing appeal form which, according to the instructions, should be sent to the "facility head." Dkt. 59-1 at 2. On the form, Mr. Swisher challenges the lack of hearing to determine the appropriateness of his housing placement. *Id.* The response, which is not signed by anyone, states, "Cannot be sent on appeal form. Write classification on a request for interview form," and "*Write to County. Not DOC Issue." *Id.* The second is a letter to "Ms. A" asking why he is in segregation and requesting to be released to general population. *Id.* at 3. There is a handwritten response with an arrow pointing to his question that says, "Because that is where classifications and the warden's placed you." *Id.*

### C. Analysis

Mr. Swisher alleges that (1) the conditions in disciplinary segregation violated his Eighth Amendment rights and (2) his right to due process was violated when Mr. Brown kept him in disciplinary segregation based on his conduct in the Delaware County Jail rather than his conduct at WVCF.

"Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Thus, although Mr. Swisher believes Mr. Brown should be liable because he supervises the employees at WVCF, *respondeat superior* does not apply. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Individual liability "may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turn[s] a blind eye to it." *Perez*, 792 F.3d at 781.

Mr. Brown argues he is not liable for any constitutional deprivation because he was not aware of the conditions of Mr. Swisher's confinement or involved in the decision to place or keep him in segregation.

### 1. Eighth Amendment

For an inmate to succeed on a claim that the conditions of his confinement in segregation violated his Eighth Amendment right to be free from cruel and unusual punishment, he must establish two elements: first, he must show the conditions were objectively serious, and second, he must show that that defendant had a sufficiently culpable state of mind. *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Mr. Brown concedes the first element for purposes of the motion. Dkt. 55 at 4.

There is no evidence upon which a jury could conclude that Mr. Brown knew of any unconstitutional conditions when Mr. Swisher was in disciplinary segregation. Mr. Brown testified that he did not personally know Mr. Swisher and was unaware of any complaints about his placement in a single-man cell. Dkt. 54-1 at ¶ 7. Further, neither of Mr. Swisher's exhibits

address the conditions in segregation but rather only the decision to keep him in disciplinary segregation. Dkt. 59-1. Therefore, summary judgment must be **granted** on the Eighth Amendment claims.

### 2. Fourteenth Amendment

Inmates placed in segregation have a due process right to have their status periodically reviewed to determine whether their placement in segregation remains necessary. *Isby*, 856 F.3d at 524 (citing *Hewitt v. Helms*, 459 U.S. 460, 477 (1983)). The undisputed evidence shows that Mr. Brown had no personal involvement in placing or keeping Mr. Swisher in disciplinary segregation. Dkts. 54-1 at ¶¶ 4–5 and 54-2. With respect to the classification appeal form, dkt. 59-1 at 2, there is no evidence that Mr. Brown reviewed it. The form is not signed by anyone, and it was returned to Mr. Swisher with instructions to complete a request for interview form. And as to the handwritten notation on the letter saying, "Because that is where classifications and the warden's placed you," *id.* at 3, there is no evidence that the "warden" referenced was Mr. Brown. Indeed, deputy warden Kevin Gilmore signed the classification appeal that determined Mr. Swisher's placement was appropriate due to his conduct in jail. Dkt. 54-2 at 4; *see also*, dkt. 58-1 at 6, ¶¶ 1–2 (declaration of Gilmore stating he is "Deputy Warden of Re-entry" and involved in placement decisions).

Because there is no evidence that Mr. Brown was involved in Mr. Swisher's initial or ongoing placement in disciplinary segregation, summary judgment must be **granted** on the Fourteenth Amendment claims.

### III. Conclusion

Mr. Swisher's motion for leave to amend his complaint, dkt. [58], is **denied** because he provided no reason for filing the motion nearly ten months after the deadline to amend his

complaint. Further, permitting Mr. Swisher to amend his complaint after the filing of the defendant's motion for summary judgment would unfairly prejudice Mr. Brown.

The defendant's motion for summary judgment, dkt. [54], is **granted** because there is no evidence that Mr. Brown was personally involved in any constitutional deprivation. Accordingly, all claims are **dismissed with prejudice**. Final judgment consistent with this Order shall issue.

**SO ORDERED.**

Date: 8/18/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER SWISHER
275113
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

All Electronically Registered Counsel